UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL HELD,
    Petitioner,

v.                                               NO. 3:08CV1189 (MRK)

UNITED STATES OF AMERICA,
    Respondent.

## RULING AND ORDER

Petitioner Paul Held has filed a Motion to Vacate, Set Aside, or Correct Sentence [doc. # 1] pursuant to 28 U.S.C. § 2255. The Court issued an Order to Show Cause [doc. # 3] and the Government responded with a Motion to Dismiss [doc. # 9]. For the reasons that follow, the Government's Motion to Dismiss [doc. # 9] is GRANTED and Mr. Held's Motion to Vacate, Set Aside, or Correct Sentence [doc. # 1] is DENIED.

### I.

On March 26, 2007, Mr. Held pleaded guilty (pursuant to a plea agreement) to a one-count Information charging him with knowing receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). In the plea agreement, the parties stipulated that the offense level was 32 and Mr. Held was in Criminal History Category I, resulting in a Sentencing Guidelines range of 121-151 months. The plea agreement also contained a waiver provision concerning Mr. Held's right to appeal or collaterally attack his sentence. The waiver provision stated as follows:

> The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 151 months, a lifetime term of supervised release, or a fine of $ 250,000, even if the Court imposes such a sentence based on a analysis different from that specified above. The defendant

expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

*See United States v. Paul Held*, 3:07-cr-62(MRK), Plea Agreement [doc. # 38]. During the plea colloquy, in which Mr. Held was represented by his retained counsel, William B. Westcott, the Court reviewed the waiver provision with Mr. Held:

> THE COURT: On page 6, Mr. Held, there is a waiver of the right to appeal or collaterally attack your sentence so long as it does not exceed 151 months, a lifetime term of supervised release, or a fine of $250,000. Do you see that, sir?
> MR. HELD: Yes.
> THE COURT: While ordinarily -- excuse me, while I said previously if you plead guilty and I accept your plea, you could not withdraw -- excuse me, you could not appeal your conviction based on that guilty plea, ordinarily you could still appeal or challenge any sentence that I imposed on the basis of that guilty plea. In this agreement, you are agreeing not to appeal your sentence so long as it does not exceed 151 months, lifetime of supervised release, or fine of $ 250,000. You are giving up a valuable right here. Have you discussed that with your attorney?
> MR. HELD: Yes.
> THE COURT: And do you feel that you understand the rights that you are giving up with this appeal waiver?
> MR. HELD: Yes, your Honor.
> THE COURT: And are you willing to give up your right to appeal your sentence so long as it does not exceed these terms?
> MR. HELD: Yes, your Honor.
> THE COURT: Mr. Westcott, are you satisfied that that's a knowing and voluntary waiver of his appeal rights?
> MR. WESTCOTT: Yes, I am satisfied your Honor.

Transcript of Plea Colloquy on March 26, 2007 [doc. # 13] at 20-21. Later in the plea colloquy, the Court explained to Mr. Held that "I am not bound to follow any agreement you may have with the government about your sentencing guideline range or even what your ultimate sentence may be . . . [I]f . . . the sentence was more than 151 months and the other terms that are in your appeal waiver, you could appeal your sentence or challenge sentence, but you could not withdraw your guilty plea." *Id.* at 29-30.

Having complied with all of the requirements of Rule 11(b) of the *Federal Rules of Criminal Procedure*, the Court accepted Mr. Held's guilty plea. On August 30, 2007, the Court sentenced Mr. Held to a term of 121 months imprisonment, a lifetime term of supervised release, and a $ 30,000 fine. *See United States v. Paul Held*, 3:07-cr-62(MRK), Amended Judgment [doc. # 68]. Mr. Held filed a Notice of Appeal on October 26, 2007. *See* Notice of Appeal [doc. # 72].

## II.

Mr. Held now challenges his sentence on a number of grounds. First, Mr. Held alleges ineffective assistance of counsel because Mr. Westcott failed to argue for a downward departure on the basis of diminished capacity.[1] He also claims that the Court abused its discretion by not considering a downward departure for the same reason. Mr. Held's final claim, which he added in his Motion to Amend [doc. # 11], is that he should be re-sentenced in light of the Supreme Court's decision in *Gall v. United States*, 128 S. Ct. 586 (2007). According to Mr. Held, when he agreed to the waiver provision, he assumed that he was not giving up his right to appeal or collaterally attack his sentence on the basis of subsequent judicial decisions. The Government argues that because Mr. Held waived his right to appeal or collaterally attack his sentence if the term of imprisonment did not exceed 151 months and because he was sentenced to a term of less than 151 months, his claims must fail. The Court agrees.

It is well-established that, absent certain exceptions, a defendant's waiver of the right to

---

[1] Mr. Held also originally claimed that his counsel was ineffective because he had failed to timely file a brief with the Second Circuit. However, in his Motion to Amend [doc. # 11], Mr. Held states that his counsel has since filed an *Anders* brief with the Second Circuit and, therefore, the Court presumes that Mr. Held does not intend to pursue this claim. *See United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000) (holding that if, after waiving the right to appeal, the defendant files a notice of appeal, counsel's obligation is fulfilled by filing an *Anders* brief with the court of appeals.

appeal or collaterally attack a sentence within an agreed-upon Sentencing Guidelines range is enforceable. *See Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001); *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable."). The Second Circuit has reasoned that "in no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *United States v. Hawkins*, 513 F.3d 59, 61 (2d Cir. 2008).

> There are certain limited exceptions to this rule. These exceptions include:
>
> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility.

*United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (quotation marks and citations omitted). A court may also decline to enforce a waiver provision in the case of prosecutorial misconduct. *See United States v. Roget*, No. 3:07CR165(MRK), 2008 WL 4696128, at * 2 (D. Conn. Oct. 17, 2008).

A defendant may be able to show that he did not waive his appeal rights knowingly and voluntarily if he can show that he received ineffective assistance of counsel during the plea agreement process. *See Frederick v. Warden*, 308 F.3d 192, 196 (2d Cir. 2002); *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008). This is so because

> Everything that occurs prior to a guilty plea or entry into a plea agreement informs

>the defendant's decision to accept or deny the agreement . . . Thus, although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does.

*Parisi*, 529 F.3d at 138-39.

Mr. Held does not argue that he did not knowingly and voluntarily enter into the plea agreement, including the waiver provision. Indeed, a review of the Transcript of the Plea colloquy confirms that Mr. Held entered into the plea agreement knowingly and voluntarily. *See* Transcript of Plea Colloquy on March 26, 2007 [doc. # 13] at 20-21, 29-30. Mr. Held acknowledged the existence of the waiver provision, that he understood it, and that he had discussed it with his attorney. *See id.* at 20-21. Nor does he make a claim that the plea agreement was based on constitutionally impermissible factors such as race, that the Government breached the agreement, or that there was prosecutorial misconduct.

Mr. Held does make a claim of ineffective assistance of counsel. But, importantly, he does not argue that his counsel was ineffective before he entered into the plea agreement. Rather, Mr. Held claims that his counsel, Mr. Westcott, was ineffective at sentencing by not arguing for a downward departure from the Sentencing Guidelines range because of diminished capacity.[2] However, unlike ineffective assistance of counsel during the plea agreement process, a claim of ineffective assistance of counsel at sentencing does not call into question the validity of an appeal waiver. *See Djelevic*, 161 F.3d at 107; *Garcia-Santos*, 273 F.3d at 509; *United States v. Garcia*, 166 F.3d 519, 522 (2d Cir. 1999). This is so because events that occur after the plea agreement is

---

[2] The Court would like to note that Mr. Westcott did in fact argue for a downward departure because of diminished capacity and even had a psychiatrist testify at sentencing to that effect. *See United States v. Paul Held*, 3:07-cr-62(MRK), Def.'s Memorandum in Aid of Sentencing [doc. # 56].

entered into do not affect the knowing and voluntary nature of the agreement itself. *See Garcia-Santos*, 273 F.3d at 509. As the Second Circuit explained in *Djelevic*, "[i]f we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless." 161 F.3d at 107. Therefore, the Court concludes that the waiver provision is valid and, hence, Mr. Held has waived his right to collaterally attack his sentence.

Because the Court concludes that the waiver provision is valid, it follows that Mr. Held is precluded from claiming that the Court erred in not considering downward departure on the basis of diminished capacity.[3] As the Second Circuit explained in *Garcia-Santos*, "[t]here is every reason to believe the parties intended the waiver to apply to claims of error at sentencing as well as to claims relating to pre-pleading events since, for a defendant who pleads guilty, the main contested issues are ordinarily about the sentencing." 273 F.3d at 509. The same logic applies in this case.

Mr. Held's final claim is that he has not waived his right to collaterally attack his sentence based on a change of law. Without delving into Mr. Held's argument as to why the Supreme Court's decision in *Gall v. United States* rendered this Court's sentencing procedures inadequate, the Court finds that the waiver provision bars this claim as well. As the Second Circuit has explained, "appeal waivers are applicable to issues arising subsequent to the plea agreement, *including issues created by new judicial decisions*." *United States v. Haynes*, 412 F.3d 37, 38 (2d Cir. 2005)(emphasis

---

[3] In his Motion to Amend [doc. # 11], Mr. Held also seems to argue that the Court should have considered a downward departure based on his age. Although Mr. Held has waived his right to make this argument, the Court would also note that "[e]ven where there has been no waiver, a district court's decision not to depart from the applicable Guideline's range normally is not appealable." *Garcia*, 166 F.3d at 521. In this case, Mr. Held was sentenced to 121 months, at the bottom of the applicable Sentencing Guidelines range.

added).  This is so because "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements."  *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005);  *see also United States v. Roque*, 421 U.3d 118, 124 (2d Cir. 2005) ("The fact that [defendant] did not anticipate the changes in federal sentencing law and practice produced by *Booker* 'does not impugn the truth or reliability of his plea,' and [defendant] 'is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended . . . the likely penalties attached to alterative courses of action.'") (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970))).  Therefore, even if *Gall* somehow rendered the Court's sentencing procedures deficient, Mr. Held has waived his right to collaterally attack his sentence on this ground.

### III.

Therefore, the Court GRANTS the Government's Motion to Dismiss [doc. # 9] and DENIES Mr. Held's Motion to Vacate, Set Aside, or Correct Sentence [doc. # 1].  **The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/        Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: January 20, 2009.**